Filed 5/28/24  P. v. McCoy CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>MAURICE MONTAIN McCOY,<br><br>　　Defendant and Appellant. | B326902<br><br>(Los Angeles County<br>Super. Ct. No. BA057077) |

APPEAL from an order of the Superior Court of Los Angeles County, Norman J. Shapiro, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Maurice Montain McCoy appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95).[2]  Because defendant is ineligible for section 1172.6 relief as a matter of law, we affirm.

## BACKGROUND

In 1992, defendant was charged with, inter alia, murder (§ 187, subd. (a) (count 1)); two counts of attempted murder (§§ 664, 187, subd. (a) (counts 2–3)); robbery (§ 211 (count 5)); and residential burglary (§ 459 (count 8)).[3]  The information further alleged that defendant committed the murder while engaged in robbery and burglary (§ 190.2, subd. (a)(17)); that he committed the attempted murders willfully, deliberately, and with premeditation (§ 664, subd. (a)); that he personally used a firearm to commit the murder, attempted murders, and robbery (§ 12022.5, subd. (a)); and that he inflicted great bodily injury on the victim of count 3 (§ 12022.7).  Defendant was the sole person charged for these crimes.

At defendant's trial, the prosecution presented evidence that defendant entered the house where the three victims were hanging out and drinking.  Defendant ordered all three of them to lie on the floor, asked them for money, and pulled out a

---

[1]    All further references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  For simplicity, we refer to the section by its new numbering.

[3]    Three additional charges were dismissed and stricken from the information.

handgun.  One victim threw her purse at defendant; another gave him a few dollars.

Defendant fired his gun twice, first at one victim, who tried to run, then on the floor between the other two.  Defendant said, "That son of a b**** is not dead yet?"  One of the two victims remaining in the house pleaded for her life, and defendant responded, "Shut up, b****.  You are going to die."  He shot the running man in the face, reloaded his gun, and shot the pleading woman in the face and hand.  The weapon jammed, and the final victim fought with defendant for control of the gun.  When the man fell to the ground, defendant tried to shoot him, but the gun kept misfiring.  Defendant fled.

One of the victims who was shot died of his injuries.  The other sustained serious injuries to her hand and wrist, and suffered from recurring seizures.

Defendant did not offer any competing evidence.

The trial court did not instruct the jury on felony murder, the natural and probable consequences doctrine, or any other theory under which malice could be imputed to the defendant.  It also did not give an instruction on aiding and abetting liability.

The jury convicted defendant on all counts and found all the additional allegations true.  The trial court sentenced defendant to life without the possibility of parole on count 1, two life terms with the possibility of parole on counts 2 and 3, and an additional four years for the firearm enhancement on count 1. We affirmed the convictions and sentence on direct appeal. (*People v. McCoy* (July 14, 1995, B085353) [nonpub. opn.].)

In June 2022, defendant filed a petition for resentencing pursuant to section 1172.6.  The prosecution received a continuance to secure and review "copies of the District

Attorney's file, the [appellate] records and opinions, Court and Reporter's Transcripts, Attorney General records, and . . . additional documentation[.]"[4]

On September 29, 2022, the trial court held a hearing on the petition. The court indicated that it received "the file" on defendant's case, and that it had read both the abstract of judgment and our prior appellate opinion in this matter.

The trial court first turned to a pending request for substitution of defendant's counsel; as part of its discussion on that issue, the court said that, based on "the recitation of facts in the [C]ourt of [A]ppeal opinion," it did not "think the case is going anywhere." The court stressed that it was "not making a finding on that," and that it was not speaking on "the fact-finding situation[,] [but] only . . . on the substitution of counsel situation."

After denying the substitution of counsel request, the trial court reiterated that it "ha[d] reviewed the matter, including various court documents, including [the] [C]ourt of [A]ppeal opinion." Defendant's counsel submitted on the petition without offering additional argument. The court then denied the petition.

Defendant timely appealed.

---

[4] The appellate record does not contain any written briefing from the prosecution or defendant's appointed counsel. However, at the hearing on the petition, defendant's appointed counsel indicated that she believed an objection had been made on the grounds that "defendant has not met prima faci[e] showing as a matter of law."

4

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  Among other things, the bill amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

"Section 1172.6 provides a mechanism whereby people 'who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019 . . . may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court.' [Citation.]" (*People v. Arnold* (2023) 93 Cal.App.5th 376, 382.)  As of January 2022, section 1172.6 also extends to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

To obtain resentencing relief, a defendant must first allege that an information was filed against him allowing the prosecution to proceed under either (1) a theory of murder under the felony murder rule, the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a

5

person based solely on that person's participation in a crime[,]" and/or (2) a theory of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1).) The defendant must also allege that he was convicted of murder or attempted murder (§ 1172.6, subd. (a)(2)), and that he could not now be convicted "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Upon the filing of a properly pleaded petition for resentencing, the trial court must appoint counsel if requested, and then conduct a prima facie analysis to determine the defendant's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c); *People v. Lewis* (2021) 11 Cal.5th 952, 957, 960 (*Lewis*).) "[T]he prima facie inquiry . . . is limited. . . . '"[T]he court takes [a defendant's] factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause"'" and set the matter for an evidentiary hearing. (*Lewis*, *supra,* at p. 971.)

In making its assessment, the trial court may consider the defendant's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) As our Supreme Court explained in *Lewis*, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, at p. 971.)

## II.    Standard of Review

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

6

### III. Analysis

Defendant argues that the trial court failed to consider the full record of conviction, and improperly relied on the factual summary in our prior appellate opinion to deny his resentencing petition.[5]

Respondent argues that defendant forfeited this argument by failing to object below. We agree. (See *People v. Ramirez* (2006) 39 Cal.4th 398, 450 [failure to press lower court for a ruling deprives that court of opportunity to correct potential error and forfeits the issue for appeal]; cf. *People v. Vance* (2023) 94 Cal.App.5th 706, 714 [failure to object to the trial court's reliance on inadmissible evidence at a section 1172.6 evidentiary hearing forfeits the issue on appeal].)

But defendant's argument also fails on the merits. Under section 1172.6, "'trial judges should not rely on the factual summaries contained in prior appellate decisions when a . . . petition reaches the stage of a full-fledged evidentiary hearing.'" (*People v. Arnold, supra,* 93 Cal.App.5th at p. 392.) Some appellate courts have applied this principle to prima facie hearings. (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1169–1170, 1183–1184; *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

Applying *Lee* and *Flores*, and assuming arguendo that the trial court erroneously relied on the factual summary in our prior appellate opinion to deny defendant's petition, that error was harmless. (*People v. Myles* (2021) 69 Cal.App.5th 688, 706 [failure to follow procedures created by section 1172.6 is state law

---

[5] In his opening brief, defendant also suggests that the trial court erred by "den[ying] the petition without appointing counsel for" defendant. The record confirms that the trial court did promptly appoint counsel.

subject to harmless error review]; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891–893 [same].)

Under the harmless error standard, we cannot reverse a case unless it is "it is reasonably probable that a result more favorable to [defendant] would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.)  The record of conviction in this case conclusively establishes that defendant was convicted as the sole and actual killer or attempted killer of the three victims.  Further, because of the jury instructions given, there is no possibility that defendant was convicted of murder under any "theory under which malice is imputed to a person based solely on that person's participation in a crime[,]" or "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).)  Therefore, he is patently ineligible for resentencing relief under section 1172.6. (*People v. Edwards* (2020) 48 Cal.App.5th 666, 675 (*Edwards*) ["[S]ince [defendant] does not fall within the provisions of section 117[2.6] as a matter of law, any of the purported [procedural] errors were harmless under any standard of review"] [abrogated in part on another ground by *Lewis, supra,* 11 Cal.5th at pp. 962–963].)

Defendant does not dispute that the harmless error standard applies to his appeal.  Regardless, he urges us to remand so that the trial court can "make a proper ruling on [his] petition at the prima facie stage," with the benefit of the complete record of conviction.  He also argues that remand would give defendant the opportunity to "file a reply to the prosecutor's response to his petition," per section 1172.6, subdivision (c).

But we do not remand for harmless error, including any error in not "allowing [defendant] an opportunity to file a reply"

8

brief. (*Edwards*, *supra*, 48 Cal.App.5th at p. 675 [remand for harmless error would be "an idle act," and is therefore not required].)

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT